IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRIDGET LATRICE WALKER**,

                *Plaintiff*,

*v.*

**GREATER JACKSON MORTUARY/
THE HERITAGE GROUP**,

                *Defendants*.

CAUSE NO. 3:22-CV-00401-CWR-FKB

## ORDER

Before the Court is the Defendant's *Motion to Dismiss or, in the Alternative, Motion for More Definite Statement*, Docket No. 4, the Plaintiff's Response, Docket No. 6, and the Defendant's Reply, Docket No. 7. Upon review, the Court will grant the Defendant's *Motion for More Definite Statement*.

On March 3, 2022, Plaintiff Bridget Latrice Walker was fired from her job at Greater Jackson Mortuary (GJM) in Jackson, Mississippi. Docket No. 1. Walker maintains that that decision was the result of sex discrimination and retaliation. *Id*. So, on April 29, 2022, she filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) against GJM and its owner/operator, Heritage Operating, LLC.[1] In the Charge, Walker explained that she was sexually harassed by GJM's General Manager Daniel Billiot and a co-worker named Arrick Rice, and that she made a complaint to the U.S. Department

---

[1] Walker's Charge of Discrimination identifies the co-defendant as Heritage Operating, LLC, but in this suit, the party is listed as "The Heritage Group." The Defendant disputes both names and instead identifies the correct party as Heritage Mississippi, LLC.

of Labor – Wage and Hour Division in late January 2022 "regarding a pay issue." Docket No. 1, Ex. B. But she does not describe how, if at all, these incidents were related.

The EEOC dismissed her Charge and issued a "right-to-sue" letter on May 17, 2022. Walker timely filed this lawsuit, *pro se*, seemingly alleging the same sex discrimination and retaliation claims. Walker's Complaint seeks, among other things, damages of "3200.00 monthly due to wrongful termination," and damages for "negligence cause[d by] emotional distress, lack of rest, loss time away from family and mental distress on plaintiff."

Defendants filed the instant *Motion to Dismiss or, in the Alternative, Motion for More Definite Statement* on November 1, 2022, arguing that Walker's Complaint should be dismissed both for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). Docket No. 4. But if Plaintiff's Complaint is not dismissed, they argue, she should be "ordered to amend her complaint under Fed. R. Civ. P. 12(e) to provide a more definite statement of her claims and the bases therefore [sic]." *Id*. at 14. Walker's Response reiterates the facts alleged in her Complaint and asks that her case "come to court and get heard." Docket No. 6.

Given the posture and circumstances of this case, the Court finds that dismissal is not appropriate at this time. When reviewing a Rule 12 motion attacking the sufficiency of a *pro se* litigant's complaint, the Court is particularly mindful of the imbalance in legal and technical knowledge between the parties. That is why we ordinarily allow a *pro se* litigant "an opportunity to amend [their] complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).

**IT IS, THEREFORE, ORDERED** that Walker is required to file within 60 days an Amended Complaint including:

2

1. An amended caption identifying the proper defendants;

2. A separate count for each offense or violation of law;

3. The essential facts, not mere conclusions, as to each such count;

4. The relationship between such violation and the alleged resulting injury to plaintiff; and

5. The manner and amount which Plaintiff claims to have been damaged.

**SO ORDERED**, this the 9th day of January, 2023.

                                      s/ Carlton W. Reeves
                                      UNITED STATES DISTRICT JUDGE